IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW J. REVILLA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-22-658-SLP |
| | ) |
| STEVEN HARPE, Director of the | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Respondent.[1] | ) |

**O R D E R**

Petitioner, Andrew J. Revilla, a state prisoner appearing with counsel, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings. Currently before the Court is a Supplemental Report and Recommendation (R&R) [Doc. No. 18] recommending that habeas relief be denied. Petitioner timely filed an Objection [Doc. No. 19] to the R&R.[2] For the reasons set forth below, the Court ADOPTS the findings of the Magistrate Judge and DENIES the Petition.

---

[1] Petitioner is incarcerated at the Lawton Correctional Facility in Lawton, Oklahoma. The Court Orders that Steven Harpe, the current Director of the Oklahoma Department of Corrections, be substituted as Respondent. *See* Fed. R. Civ. P. 25(d).

[2] Respondent did not file a response to Petitioner's Objection. *See* Fed. R. Civ. P. 72(b)(2) (permitting a party to respond to another party's objections within 14 days).

I.      **Background / Procedural History**

Petitioner challenges the constitutionality of his state court conviction and sentence for two counts of Lewd Molestation of a Minor and one count of Forcible Sodomy, Case No. CF-2017-62, District Court of Jackson County, State of Oklahoma. The state district court sentenced Petitioner to twenty years' imprisonment on each count, and ordered the sentences to be served consecutively.

Petitioner's conviction arose from the alleged sexual abuse of C.D., a minor. In approximately April 2015, eight-year-old C.D. began living in a foster home with her biological aunt and uncle. The sexual abuse occurred during the following year. In November 2016, C.D. was adopted and thereafter told her adoptive mother about Petitioner's alleged sexual abuse of her while C.D. was in the foster home. Petitioner is the adult son of the foster-care parents and C.D.'s cousin. C.D. also told her adoptive mother that Petitioner's girlfriend, Stephanie Garcia, participated in the sexual abuse. *Id.* Ms. Garcia was charged and tried as a co-defendant and also convicted on charges arising from C.D.'s allegations of sexual abuse.[3]

II.     **Grounds for Habeas Relief**

Petitioner brings five grounds for federal habeas relief. *See* Pet. [Doc. No. 1]. In a prior Report and Recommendation [Doc. No. 13], the Magistrate Judge recommended that the Petition be conditionally granted, addressing only one subpart of Petitioner's first

---

[3] *See Revilla v. State*, 456 P.3d 609, 612 (Okla. Crim. App. 2019) (reciting procedural history and factual background).

ground for relief – prosecutorial misconduct. *See* Pet. at 25-27.[4] The Magistrate Judge focused on that aspect of Ground One in which Petitioner claims that the Prosecutor "Vouched for the Veracity of the Complaining Witnesses." *Id*.[5]

Respondent filed an Objection [Doc. No. 14].[6] Upon de novo review, this Court declined to adopt the R&R and denied Ground One of the Petition as to the claim alleging that the prosecutor vouched for the veracity of the complaining witnesses. *See* Order [Doc. No. 17]. The Court re-referred the matter to the Magistrate Judge to address the remaining claims raised in the Petition.

The Magistrate Judge then issued the Supplemental R&R currently before the Court. The Magistrate Judge recommends denying Petitioner's remaining grounds for habeas relief. Those grounds include the following: Ground One – prosecutorial misconduct based on eliciting improper propensity evidence, suggesting facts outside the evidence and invoking sympathy for the victim; Ground Two – improper evidence of other crimes and bad acts rendered Petitioner's trial fundamentally unfair; Ground Three – an overly broad limiting instruction on impeachment evidence rendered Petitioner's trial fundamentally unfair; Ground Four – ineffective assistance of appellate counsel; and Ground Five – the State of Oklahoma lacked jurisdiction.

---

[4] Citations to the parties' briefing submissions, the R&R and the State Court Record reference the Court's ECF pagination.

[5] The Magistrate Judge acknowledged that Petitioner raised other instances of prosecutorial misconduct but found those instances need not be addressed "in light of the recommendation for habeas relief due to improper vouching." R&R at 7, n. 2.

[6] Petitioner did not file a response to Respondent's Objection.

**III.    Discussion**

Petitioner's Objection purports to be directed to the Supplemental R&R. But a review of the Objection demonstrates that Petitioner focuses solely on the claim previously addressed by the Magistrate Judge in the original R&R and denied by the Court. Petitioner vaguely asserts that he "objects to the Magistrate Judge's determination regarding his prosecutorial misconduct claim." Obj. at 8. But the only finding specifically referenced in the Objection is a reference to a finding in the original R&R. *See id* ("[T]he Magistrate previously determined that this case lacks 'overwhelming evidence' of Petitioner's guilt." (citing original R&R [Doc. No. 13])).

Otherwise, Petitioner's Objection merely repeats facts presented in the Petition, but does so without tying those facts to any findings made in the Supplemental R&R. *Compare* Obj. at 3-7 *with* Pet. at 19-23. To the extent he makes arguments about prosecutorial misconduct, those arguments focus solely on the previously denied claim of improper vouching. *See, e.g.*, Obj. at 8 ("The prosecutor's repeated explicit assurances of C.D.'s honesty is what created a foul blow."); *id*. at 9 ("[T]o allow the prosecutor to interject their opinion about C.D.'s truthfulness was misconduct."); *id*. at 10 ("The prosecution's remarks about C.D.'s truthfulness invited the jury to draw the inference that she was telling the truth, a foul blow."); *id*. at 15 ("[T]he prosecutor engaged in misconduct suggesting to the jury that they need to believe [C.D.'s] story.").

The Court finds Petitioner merely reasserts arguments previously presented to and rejected by the Court. Thus, the Court adheres to its previous determination that habeas relief should be denied as to Petitioner's claim raised in Ground One that the prosecutor

4

improperly vouched for the veracity of the complaining witnesses. *See* Order [Doc. No. 17].

As to the remaining grounds for habeas relief, Petitioner fails to specifically (or even generally) object to the findings of the Magistrate Judge in the Supplemental R&R. The Court concludes, therefore, that Petitioner has waived review of any remaining claims. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."). To this end, Petitioner is represented by counsel and has been advised of the time period for filing an objection and the consequences of failing to do so. Moreover, upon review of the record, the Court finds that the Magistrate Judge's Supplemental R&R is thorough and well-reasoned and no clear error exists on the face of the record. Accordingly, no exceptions to waiver exist. *See Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006) (setting forth exceptions).

**IV.** **Conclusion**

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 18] is ADOPTED. Based on the Court's prior Order [Doc. No. 17] and this Order, the Petition is DENIED. A final judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon review, the Court finds that Petitioner has not made the requisite showing as to any of the grounds for relief raised.  The Court therefore DENIES a COA.  The denial shall be included in the judgment.

IT IS SO ORDERED this 13th day of February, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE